UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                |   |                    |
|--------------------------------|---|--------------------|
| VERNON LEANDIS CHARLES,        | ) |                    |
|                                | ) |                    |
| Petitioner,                    | ) |                    |
|                                | ) |                    |
| v.                             | ) | No. 18-cv-0696 (DLF) |
|                                | ) |                    |
| WARDEN G. PARKER, *et al.*,    | ) |                    |
|                                | ) |                    |
| Respondents.                   | ) |                    |

## MEMORANDUM OPINION

Petitioner Vernon Leandis Charles is an inmate at the Telford Unit of the Texas Department of Criminal Justice, which is located in New Boston, Texas. An adherent of sovereign citizen theory,[1] Charles filed a civil complaint seeking $23 million in damages against the warden and other officials at his prison for allegedly violating his constitutional and statutory rights. *See* Compl. at 1–2, Dkt. 1. He argues that the officials unlawfully used his name without "prior express written consent" and "retaliat[ed]" against him with citations and the threat of lost privileges after he refused to work in the prison dining hall. *See id.* at 2.

---

[1] Sovereign citizens believe in a "vast governmental conspiracy governed by complex, arcane rules, according to which sovereign citizens are exempt from many laws, including the obligation to pay taxes, and . . . can be empowered to seize private property, enforce legal actions against individuals, and claim money from the government." *United States v. Glover*, 715 F. App'x 253, 255 n.2 (4th Cir. 2017) (internal quotation marks omitted). Among other tactics, they frequently claim to copyright their own names. *See Mack v. Sweet*, No. 17-cv-00434, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017).

In addition to his pending complaint, Charles[2] also filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 5. The Writ of Habeas Corpus raised claims of "imminent danger of harm and bodily injury" based on events that occurred on September 19, 2018, when Charles reportedly was relocated from his "dorm" to a "building for 'trouble makers' as retaliation and punishment for [his] use of the copyright symbol © by [his] trade name VERNON CHARLES© and for petitioning the courts using common law and the methods of redemption." Affidavit of Truth at 2, Dkt. 5. Charles also asserts that his legal work was confiscated during this relocation and never returned to him. Writ of Habeas Corpus at 1. He contends that the prison's failure to return his legal work violated his right of access to the courts and a prison regulation that he identified as "Board Policy 03.81 Offenders Right to Petition Courts." Affidavit of Truth at 1.

Charles further alleges that various conditions at his new building are hazardous, including the prevalence of inmate drug abuse, inmate violence and assaults, unrepaired lighting in the showers, and leaking toilets. Writ of Habeas Corpus at 1. He seeks to be returned to his dorm and restored to the "line class/custody status" he enjoyed before he was moved. Affidavit of Truth at 2.

Addressing Charles' complaint first, the Court concludes that it must be dismissed as frivolous even after giving it the benefit of the liberal review that applies to pro se complaints, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that allegations in a pro se prisoner's complaint are held to less stringent standards). The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, mandates that a district court dismiss a complaint that is "frivolous or

---

[2] His Writ of Habeas Corpus was signed in the name of "Santemu Aakhu[,] Secured Party/Creditor[,] Record Owner[,] Trade Name Owner[,] Speaker and Authorized Representative for VERNON LEA[N]DIS CHARLES©, Ens legis[,] UCC-1 File #2018-237-8752-3." Writ of Habeas Corpus at 2.

malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has stated that a complaint is frivolous under 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Charles claims that he is a "Secured Party" and "Sovereign American-Inhabitant" who has an intellectual property right in his name and the right to seek relief for violations of that right. Compl. at 2. He asserts that, because he is a sovereign person, his prison work assignment at the dining hall amounts to involuntary servitude. *Id*. According to his characterization of himself as "[t]he Secured Party/Petitioner," he claims that he "has no obligation(s) to the United States or the State of Texas," and he takes issue with prison officials "continually violat[ing]/[i]nfring[ing] the Secured Party's Trade-Name ownership," by imposing and threatening to impose sanctions "as forms of retaliation for not wanting to work." *Id*. (capitalization omitted). In addition to a declaratory judgment and monetary damages, Charles demands an injunction ordering the respondents

> to cease using Secured Party/Plaintiff's Trade-Name without prior express written consent and acknowledgment of Secured Party. Cease all Constitutional violations and the Right of the Secured/Party to choose to work or not to work and not be retaliated upon.

*Id*.

Federal courts have repeatedly held that claims based on the sovereign citizen theory are frivolous. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts" and "[t]hese theories should be rejected summarily, however they are presented"); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have

3

summarily rejected their legal theories as frivolous."); *Young v. PNC Bank, N.A.*, No. 16-cv-298, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (stating that sovereign citizens' "arguments and outlandish legal theories have been consistently rejected" and collecting cases); *Nunez v. D.T.C.*, No. 13-244, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources."); *see also id.* at *4 ("Petitioner presents his grounds for habeas relief through redemptionist ideology with no legally sound development of arguments concerning his disciplinary proceedings."). This Court follows suit and concludes that the complaint's allegations based on the sovereign citizen theory lack an arguable basis in law or fact and will be dismissed as frivolous under § 1915(e)(2)(B)(i).

Turning to the Writ of Habeas Corpus, the Court lacks jurisdiction to consider Charles's allegations that prison officials retaliated against him, that they violated his right of access to the courts by confiscating his legal work, and that the conditions at the building where he is now housed warrant returning him to his prior housing situation and status. Charles brings these habeas claims under 28 U.S.C. § 2241. *See* Writ of Habeas Corpus. In this jurisdiction, unlike some others, a prisoner may use habeas corpus to challenge the conditions of his confinement. *Aamer v. Obama*, 742 F.3d 1023, 1036–37 (D.C. Cir. 2014) (discussing the differing positions federal circuits have taken). It is, however, well established that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The respondent custodian in this case is the warden at Charles' prison. Because Charles is incarcerated in a state prison in New Boston, Texas, the court with territorial jurisdiction over the warden of that prison appears to be the United States District Court for the Eastern District of

Texas. Because Charles has no recourse in this Court, which sits in the District of Columbia, his habeas petition will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint will be dismissed as frivolous under § 1915(e)(2)(B)(i). In addition, the Writ of Habeas Corpus Under 28 U.S.C. § 2241 will be dismissed without prejudice for lack of jurisdiction. A separate order consistent with this decision accompanies this memorandum opinion.

March 21, 2019

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge